IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE LEE POSLAF,                    )        1:05-CV-00485-OWW-SMS-P
                                      )
            Plaintiff,                )
                                      )
      vs.                             )        FINDINGS AND RECOMMENDATION
                                      )        TO DISMISS CASE FOR FAILURE TO
KRATZ, et al.,                        )        OBEY A COURT ORDER
                                      )
                                      )
            Defendants.               )
                                      )
                                      )
_____ )

        On April 21, 2005, the court issued an order for plaintiff to submit an application
to proceed in forma pauperis or pay the $250.00 filing fee for this action, within thirty days of the
date of service of this order.  The thirty day period has now expired, and plaintiff has not filed an
application, paid the filing fee,  or otherwise responded to the court's order.

        Local Rule 11-110 provides that "failure of counsel or of a party to comply with
these Local Rules or with any order of the Court may be grounds for the imposition by the Court
of any and all sanctions . . . within the inherent power of the Court."  District courts have the
inherent power to control their dockets and "in the exercise of that power, they may impose

1

1    sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>,

2    782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

3    party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

4    rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

5    with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

6    to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439,

7    1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

8    to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir.

9    1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421,

10    1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

11    rules).

12           In determining whether to dismiss an action for lack of prosecution, failure to

13    obey a court order, or failure to comply with local rules, the court must consider several factors:

14    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

15    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

16    cases on their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at

17    831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;

18    <u>Ghazali</u>, 46 F.3d at 53.

19           In the instant case, the court finds that the public's interest in expeditiously

20    resolving this litigation and the court's interest in managing the docket weigh in favor of

21    dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

22    since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23    action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

24    policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

25    of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

26

court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to submit an application to proceed in forma pauperis or pay the $250.00 filing fee expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of April 21, 2005.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    June 3, 2005**            _____ **/s/ Sandra M. Snyder** _____
b6edp0                                  UNITED STATES MAGISTRATE JUDGE